## Case No. 7,048.

### INMAN v. BARNES.

[2 Gall. 315.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1814.

[1] [Reported by John Gallison, Esq.]

Bridgham & Searle, for demandant.
Bowen & Burrill, for tenants.

STORY, Circuit Justice. Without entering into any consideration of the accuracy of the pleadings in this case (respecting which I wish distinctly to be understood as giving no opinion) I shall proceed to the only question, which has been argued by the parties, viz. whether twenty years' possession, under the statute, be a good bar to an action of formedon in descender, the said term having run against a former tenant in tail before the descent cast. At least as early as the year 1700, if not before, the statutes of limitations of 32 Hen. VIII. c. 2, and of 21 Jac. I. c. 16, were adopted in the colony of Rhode Island (see Act April 30, 1700), and in 1749 they were formally declared to be the law of the land, and have ever since continued in force within that colony and state. See Colony Laws 1749, 1760, 1766, p. 55, and also Digest of the Laws in 1798, p. 78. The act for quieting possessions and avoiding suits at law (Rhode Island Acts Dig. 1798, p. 465) was first passed in 1711, without the proviso set forth in the replication, and that proviso was added in 1728; and in the revision in 1766, the whole was moulded into one act, in the shape it now assumes in the printed statute. All these statutes, therefore, may be considered as having a concurrent existence and operation for nearly a century. The second section of the act, stated in the bar, provides, "That where any person or persons, or others, from whom he or they derive their titles, either by themselves, tenants, or lessees, shall have been, for the space of twenty years, in the uninterrupted, quiet, peaceable and actual seisin and possession, of any lands, tenements or hereditaments within this state. for and during the said time, claiming the same as his, her or their prop-

er, sole and rightful estate in fee-simple, such actual seisin and possession shall be allowed to give and make a good and rightful title to such person or persons, their heirs or assigns forever. And this act being pleaded in bar to any action, that shall hereafter be brought for such lands, tenements and hereditaments, and such actual seisin and possession being duly proved, shall be allowed to be good, valid and effectual in the law for barring the same." And the proviso stated in the replication is as follows, "Provided further, that nothing above contained shall extend, or be construed, or deemed to extend, to bar any person or persons having any estate in reversion or remainder expectant or depending in any lands, tenements or hereditaments, after the end or determination of the estate for years, life, or lives, such person or persons pursuing his or their title, by due course of law, within ten years after his or their right of action shall accrue, any thing in this act to the contrary notwithstanding."

It has been argued by the demandant's counsel, that actions of formedon are not within the purview of the statute of possession, inasmuch as the limitation of those actions is expressly provided for by the statute of 21 Jac. I. c. 16; and if construed to apply to the same actions, they would be repugnant to each other. But it seems to me, that the statutes may well stand together. The statute of James regulates and limits the time, within which actions of formedon may be brought, and therefore simply operates by way of bar to the remedy of the demandant. The statute of possession, on the other hand, makes twenty years' seisin and possession, under a claim of title in fee, in favor of parties and privies, a good and rightful title in fee forever; and therefore it operates as a bar of the right of every other party. In this respect, it is like the statute of 4 Hen. VII., of fines. The statutes are therefore made diverso intuitu, and the one may take effect, as a bar to the remedy, without the other's attaching as a bar to the right. If, for instance, the party entitled shall omit to bring his formedon within the twenty years limited by the statute of limitations, he is barred of his action; and the tenant may well plead it in his defence. But, although the twenty years have elapsed, yet the tenant cannot plead the statute of possession in his defence, unless he has held, or claims under those who have held, the seisin and possession during the same time, as tenants in fee. The argument also involves this further difficulty, that if it be well founded, it equally applies to the actions limited by the statute of 32 Hen. VIII. c. 2; and then it would follow, in effect, that neither writs of right, nor writs of entry, nor indeed any real actions in modern use touching the fee, were within the purview of the statute of possession. But the language of the act itself is decisive

against this argument, for it expressly declares, that such seisin and possession shall be a good, valid and effectual bar "to any action that shall thereafter be brought for such lands, tenements or hereditaments." Were it otherwise, I am not aware how it would help the demandant's case; for, at all events, he would, upon the facts alleged in the plea, be barred by the statute of James, for the present action was not brought until more than twenty years had elapsed after the right of the former tenant in tail to an action for the ouster had first accrued. And I take it to be well settled, that if the time limited has once run against any tenant in tail, it is a good bar not only against him, but also against all persons claiming in the descent per formam doni through him. 3 Cruise, Dig. 541; Dow v. Warren, 6 Mass. 328.

We are now led to the second point made by the demandant's counsel, which is, that if actions of formedon be within the statute of possession, the present action is saved by the proviso. It is a rule applicable to this, as well as other statutes limiting or barring rights, that a party, who would extract himself from the enacting clause by any proviso, must bring his case strictly within the exceptions. It is plain that a formedon in descender is not within the letter of the proviso. That applies merely to persons entitled to reversions or remainders expectant upon estates for life or years. In the case at bar, the tenant in tail, claiming in the descent, is neither a reversioner nor a remainder-man, whose estate is expectant upon any particular estate.—It not being within the letter, I know of no principle, which would authorize the court to construe it within the equity of the proviso. My judgment therefore is, that the plea in bar is good, and that the replication contains no matter sufficient in law to avoid it. Replication adjudged bad.